supports the judgment. The judgment is affirmed.

---

BASS et al. v. MARSH. (Court of Civil Appeals of Texas. Texarkana. March 10, 1914. Rehearing Denied March 26, 1914.) Appeal from District Court, Smith County; R. W. Simpson, Judge. Action by W. H. Marsh against H. F. Bass and others. Judgment for plaintiff, and defendants appeal. Affirmed. Lasseter & McIlwaine and N. A. Gentry, all of Tyler, and F. B. Martin, of Longview, for appellants. Marsh & McIlwaine, of Tyler, for appellee.

HODGES, J. The appellee instituted this suit against the appellants to recover a tract of 110 acres of land, described as a portion of survey No. 1170, patented to him November 26, 1912. In their answer the appellants claimed the land sued for as a part of the Dial survey, patented in 1857. It appears from the plat attached to the statement of facts that the Dial survey is a long, narrow strip forming the base and perpendicular of a right-angled triangle. That portion of the tract involved in this suit lies next to the east boundary line of Smith county, that line being the east boundary line of the survey. West of the Dial survey, 363 varas distant, is the east boundary line of a large tract called the Barnes Clark survey, patented in 1848. It is contended by the appellants that the field notes of the Dial survey cover all of the territory between the county line and the Barnes Clark survey. The case was tried before the court without a jury, and a verdict rendered in favor of the appellee. The only question presented in this appeal is whether the facts supported the judgment rendered. The court filed the following findings of fact and conclusions of law, which we adopt:

"(1) That on November 4, 1848, the state patented to Barnes Clark one league and labor of land. (2) That the east boundary line of the Clark survey is well marked, and the northeast corner thereof established, and not contradicted by either plaintiff or defendants. (3) That on October 27, 1857, the state patented to I. Dial a tract of land beginning at the northeast corner of James Camburn, on the west line of Rusk county; thence north 3,744 varas on said line, from which a black jack 8 inches in diameter bears S. 60° E. 5.6 varas, and another 10 inches in diameter bears N. 17° E. 9.6 varas; thence west 154 varas a post on the east line of the Barnes Clark league, from which a black jack 12 inches in diameter bears N. 77° E. 1 vara, and another 10 inches in diameter bears S. 20° E. 17 varas; thence south 3,744 varas on said line, crossing Wild's creek at 3,037, to the southeast corner of said league, on the north line of Camburn survey. (4) That the I. Dial survey was actually run on the ground. (5) That the distance between the west boundary line of Rusk county, which is the east boundary line of I. Dial, and the east boundary line of the Barnes Clark league, is 363 varas. (6) That the surveyor who ran out the I. Dial land, while he called for the east boundary line of the Barnes Clark, did not in fact go to said east boundary line, but stopped 206 varas short of it, evidently being mistaken as to the true location of said east boundary line of the Clark, and ran south from a point 206 varas east of the east boundary line of said Clark for the west boundary line of the Dial. (8) That the state of Texas patented to W. H. Marsh the strip of land in controversy, together with other land not in suit, on November 26, 1912. I hereto attach a plat of the Marsh survey, as well as surrounding surveys, for reference.

"Conclusions of Law. Upon foregoing conclusions of fact, I find the land in controversy was not included in the patent to I. Dial, and was public land, and belonged to the state of Texas prior to November 26, 1912, and was subject to patent on said date, and that, belonging to the state, limitations did not begin to run in plaintiff's favor until November 26, 1912. I therefore adjudge the land to plaintiff."

It would serve no useful purpose for us to discuss in detail the facts upon which the court based his findings and conclusions. We have carefully examined the record, and think there is ample support for the judgment rendered; and it is accordingly affirmed.

---

HAYES et al. v. ROBINSON BROS. (Court of Civil Appeals of Texas. Amarillo. March 28, 1914.) Appeal from Lubbock County Court; E. R. Haynes, Judge. Action between C. C. Hayes and others and Robinson Bros. From a judgment in favor of the latter, the former appeal. Affirmed. W. D. Benson and Bean & Klett, all of Lubbock, for appellants. Jas. R. Robinson and Roscoe Wilson, both of Lubbock, for appellees.

HALL, J. Affirmed.

---

QUANAH, A. & P. RY. CO. v. STONE. (Court of Civil Appeals of Texas. Amarillo. March 14, 1914. Rehearing Denied April 11, 1914.) Appeal from Hardeman County Court; W. S. Banister, Judge. Action by C. H. Stone against the Quanah, Acme & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed. Fires, Decker & Clarke, of Quanah, for appellant. J. C. Marshall and W. H. Ratliff, both of Quanah, for appellee.

HALL, J. Affirmed.

---

TEXAS, G. & N. RY. CO. et al. v. HUDGINS. (Court of Civil Appeals of Texas. El Paso. March 12, 1914. Rehearing Denied April 2, 1914.) Appeal from Midland County Court; J. H. Knowles, Judge. Action by J. W. Hudgins against the Texas, Gulf & Northern Railway Company and others. From a judgment for plaintiff, defendants appeal. Reformed and affirmed. See, also, 165 S. W. 62. A. S. Rollins, of Amarillo, for appellants. Chas. Gibbs, J. M. Caldwell, and Earl Anderson, all of Midland, and S. P. Weisiger of El Paso, for appellee.

PER CURIAM. Reformed and affirmed.

---

TEXAS, G. & N. RY. CO. v. SWART et al. (Court of Civil Appeals of Texas. El Paso. March 12, 1914. Rehearing Denied April 2, 1914.) Appeal from Midland County Court; J. H. Knowles, Judge. Action by E. W. Swart against the Texas, Gulf & Northern Railway Company and others. From a judgment for plaintiff, the defendant named appeals. Reformed and affirmed. See, also, 165 S. W. 62. A. S. Rollins, of Amarillo, for appellant. Chas. Gibbs, J. M. Caldwell, and Earl Anderson, all of Midland, and S. P. Weisiger, of El Paso, for appellee.

PER CURIAM. Reformed and affirmed.

END OF CASES IN VOL. 165